IN  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AARON DEVON FOOTES,                         *

    Petitioner                              *

        v.                                  *          CIVIL ACTION NO. DKC-15-2525

FRANK B. BISHOP, JR., et al.,               *

    Respondents                             *

******
**<u>MEMORANDUM OPINION</u>**

On August 26, 2015, Petitioner Aaron Devon Footes filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his convictions for murder and a related handgun offense offenses entered in 1997 by the Circuit Court for Prince George's County, Maryland.  ECF No. 1.  Respondents filed an Answer indicating that the Petition must be dismissed as an unauthorized successive Petition under 28 U.S.C. § 2244(b)(3)(A).  ECF No. 4.  Petitioner has replied.  ECF No. 5.[1]

Petitioner previously sought habeas relief in this court in 2011, challenging his judgment of conviction rendered in the Circuit Court for Prince George's County in 1997. *See  Footes, v. Shearin, et al.,* WDQ-11-1122 (D. Md.) (dismissed as time-barred).

Under 28 U.S.C. § 2244, Petitioner may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application.  *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996).  The pending Petition is successive and this court may not consider it until the United States Court of Appeals for the Fourth Circuit enters an order authorizing the

---

[1]   In his reply, Petitioner argues that the judgment in his case became final on July 27, 2015, when the factual predicate for his claim could have been discovered. ECF No. 3, p. 1.  He indicates that he is challenging the competency of his post-conviction counsel and that this claim was not previously raised before this court.  *Id.*  Even if that were true, the instant Petition remains a successive Petition and Petitioner must secure authorization for its review.

court to do so.  *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th

Cir. 1997).  Because it does not appear that Petitioner has complied with this "gatekeeper"

provision, the pending application for habeas corpus relief must be dismissed pursuant to 28

U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to

obtain the aforementioned authorization Order.  The procedural requirements and deadlines are

extensive.  Consequently, this Clerk shall be directed to provide Petitioner a packet of

instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to

be followed should Petitioner wish to seek authorization to file a successive petition.  It is to be

emphasized that Petitioner must file the request for authorization with the Fourth Circuit and

obtain authorization to file his successive petition before this court may examine his claims.

When a district court dismisses a habeas petition solely on procedural grounds, a

certificate of appealability ("COA") will not issue unless the petitioner can demonstrate both "(1)

'that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling.'"  *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.

2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).  The denial of a COA does not

preclude a petitioner from seeking permission to file a successive petition or from pursuing his

claims upon receiving such permission.  Because Petitioner has not made a substantial showing

of the denial of his constitutional rights, this Court will not issue a COA.

A separate Order follows.

December 21, 2015                                          _____/s/_____
Date                                                                  DEBORAH K. CHASANOW
                                                                         United States District Judge

2